Welcome to the Sixth Circuit. We have one case on the docket this morning. Would the clerk please call the case. Case number 213516, NPL Franchising v. CyDogs LLC et al. Argument not to exceed 15 minutes per side. Mr. Mack, you may proceed for the appellants. Edmund Mack Good morning, your honors. May it please the court. My name is Edmund Mack, and I represent the interested parties appellants, the individual attorneys of the Buckholder Law Firm and the Buckholder Law Firm itself. I'd like to reserve three minutes for rebuttal, please. Very well. The guarantee of due process is important, and it's particularly important when it's violation results in a permanent stain on a professional career. Your honor, we have... Playing with court orders is also pretty important too, isn't it? It certainly is. It is. How do you excuse their contaminatious conduct here? Well, I don't know that the dispositive issues, or at least our position in the brief, isn't necessarily to excuse any conduct. But what is crucial is whether the individual attorneys had notice in compliance with due process before the sanctions order was issued. And we believe that that is the dispositive issue and a critical issue in this case. There's a motion filed on July 12, 2019 that asked for sanctions against counsel. It is. And then there's a hearing a year later. Right. So you don't think that that motion that was filed a year before the hearing put the lawyers on notice? I don't, your honor. Because it didn't mention them specifically. It had to say John Smith did this, and Joan Smith did this, and Jim Smith did something else. You can't just say the counsel... There are all these pleadings filed. All the counsel's names are on all those pleadings. Yes. The counsel's going to be sanctioned. I think that's correct, your honor. I think it has to do more than that. And we know that from this court's decision. Okay. What more does it have to do? Tell me what more the motion is supposed to do. How does the other party know whether Jim Smith or John Smith failed to produce the document when all their names are on the pleadings? Right. Well, it's part of giving the individual attorneys notice as to what Ron... They're all counsel of record. They're all in the pleadings. Right. That's true, your honor. In KCI, what this court confirmed, in that case it was Cabbage, or against just counsel, plaintiff's counsel, was insufficient. And in KCI, what actually happened was in the reply brief they did identify the individual attorneys by name in the footnote. Is there any confusion? I don't know. It's the same four lawyers, I think, right, who are on the counsel record. They're on the pleadings. They haven't withdrawn from the case. I'm sorry. Go ahead. I could see a world where the lawyers themselves get individual counsel and say, you know what, I was counsel, but I didn't do anything. I just put my name on the pleadings, but someone else did everything so you should sanction them. I could see a case breaking down that way. I'm not sure how the other side is supposed to know who didn't disclose the document or who redacted everything or who failed to show up at the deposition necessarily. Well, I think that raises two different points, both of which are very, very important. As to who did what and what document wasn't produced, that's essential under Rule 37 because under that rule it allows sanctions against an attorney who advised that wrongful conduct. In this case, two of the attorneys weren't even employed at the Buckholder Law Firm at the time of the hearing before the magistrate took place. They withdrew from the case? They did not withdraw from the case. Their names were on the pleadings at the relevant time. Well, that's not necessarily accurate, Your Honor, because the conduct that was found sanctionable in this case occurred three months before the Buckholder Law Firm even entered an appearance in this case. Some of it, not all of it. True, but that's critically important because we're dealing with an omnibus sanctions order for $300,000 worth of fees that covers conduct where the attorneys weren't even in the case. At a minimum, for that reason, Judge, we do believe that the order has to be vacated and has to be remanded. In that situation, wouldn't it be incumbent upon your clients then to say, you know what, we did this stuff, we did 80% of it, but 20% of it was done by the prior lawyers, here's what they did, itemize it out for the district judge and the district judge can see that? And that occurred. That was in the objections that were filed to the magistrate's opinion. Now, at that time, of course, there wasn't notice that the sanctions were being sought against individual attorneys or even really specifically the law firm. But once that occurred, Buckholder was granted leave to file objections. And they articulated that point directly to the district court that we weren't even in the case when these sanctions or this wrongful conduct purportedly occurred. Go ahead, Judge. But if we stop right there for just a second, it seems to me you just gave away your case because they, as these things unfolded, eventually it became clear that sanctions were being sought against both the firm and the individuals. Prior to the hearing. No, Your Honor. You briefed it. They briefed it. There was no indication at all that there were sanctions being sought against the individual attorneys and to the extent any case was given away, I'd certainly like to correct that. There was never at any time. Your individual clients were given the opportunity to specifically brief to either the magistrate or the district court whether they should be sanctioned. Am I right about that? I don't agree, Your Honor. Okay. I don't agree. That was the premise of my question so we'll see how that unfolds. Sure, sure. And to the point, if I can speak to that in a little more detail on why I don't agree and why that is the case, when we have the first filing, the motion for fees, the only thing that we see in that filing as to who sanctions are being sought against is NPF and its counsel. That's the quote. And that occurs in a later page. And then we go to the next step, what happens next in the reply brief in support of the motions for sanction, there's no mention at all as to sanctions being sought against counsel. And then we have the hearing before the magistrate on this motion, the movement's counsel is asked the question directly, who are you seeking sanctions against? And the response to that question was NPF and its counsel, the Buckholder Firm. So at that time, to the panel's question, there was no indication at all that sanctions were being sought against the individual attorneys. That's dispositive, we submit, of this case. Mr. Harder says the plaintiff, its parent entity, NPF Media, and their counsel, the Buckholder Firm. Correct. Why, there's no other firm in the case, right? There's only one firm in the case at this point, all the lawyers worked at that firm. That's not true, Your Honor, there was local counsel who was also in the case at that time. Okay, so I guess that's then carving out local counsel, so it's only the Buckholder lawyers that could be sanctioned here. Well, it depends on if we're looking at then the ultimate sanctions order that came down from the magistrate, the report and recommendation, because, go ahead. After the magistrate's order, did you file a motion for reconsideration saying, gee, we were confused about this, we thought this was only against the firm, and now we're seeing that there could be individual lawyers on the hook? Okay, and so I think the critical point to the premise of the court's question there is, did we? Now, the Buckholder Firm, obviously at that point, the Buckholder Firm knows that there could be sanctions against them after the fact, right? Not in the initial moving paper, they did. There's still no indication at this time that sanctions are being sought against the individual attorneys. The only time that that is explicitly stated is in the district court's actual order. That's the only time. I mean, it seems inconsistent with your argument that the law firm can't be sanctioned under Rule 37. I mean, this was done under Rule 37 that specifically says lawyers, counsel, it's debatable whether it includes law firms. So it seems to me that if there's a Rule 37 motion, the most likely target has to be counsel, and there's an open legal question whether you can even get fees against the firm. I understand the court's point on that. That's inconsistent, I think, then with what was stated before the magistrate, because counsel for the movement stated they were seeking it against the Buckholder Firm. Now, you can argue, you can't, one argument at that point could have been you can't get them against the firm because the Rule 37 doesn't allow it. Right. You need that argument in the transcript. It's certainly in the objections to the magistrate's opinion that, or the report and recommendation that was articulated. Now, before that time, you know, there was nothing in the moving papers really to indicate who sanctions were being sought against. Now, the only reference at all in the actual motion for sanctions is NPF and its counsel. So the burden is on the movement to articulate and to identify who they were seeking sanctions against. Right. And we know that from certainly KCI. Go ahead. So they've notified the firm and its counsel, whatever that means. So somebody's got to be thinking, well, what do they mean by counsel? So you can't say that individual, you can't say that counsel wasn't on notice. You could say that individual counsel wasn't on notice. Is that your argument? Well, certainly both. We don't believe the notice was sufficient, but absolutely as to the individual attorneys. Okay. Now, what they, they have been identifying the individual attorneys. This doesn't all occur in a vacuum. They've been identifying the individual counsel as the PROHOC v. say admitted counsel. I don't believe that to be in the record, Your Honor. The notice of plaintiff's noncompliance on February 12 specifies that NPF and its PROHOC v. say admitted counsel had a pattern of ignoring discovery obligations. I don't believe that was in the motion, Your Honor, that statement. I'm quoting it. Okay. So if I'm right, the history of this, and this is, this is what Judge Radler was asking at the very beginning. Sure. Notifying them that the PROHOC counsel are the ones that they were complaining about seems to have been true from the very beginning of this. I, we don't agree with that, Your Honor, but even if that... So what counsel were they referring to? There are only four people here. Sure. And they're all appearing all the time at the same, they're all appearing in the same documents. So how could there be any doubt that those four are the ones that are at issue? What they individually did, we'll talk about next. Right. Well, and... So there's no question about who the counsel was, right? You can't stand here and argue and say that. I do believe there was an absolute question as to who the counsel was, because I don't believe the moving papers was that specific in terms of stating PROHOC v. say counsel. It was the NPF... Well, who else might it have been? Well, it could have been any number of the attorneys that represented the NPF in that case. There was counsel in the case prior to Buckholder being involved. In the actual moving papers when it says NPF and it's counsel... So it might have been more. Might have been more, certainly. But there's no question it was at least these four. I don't agree with that, Your Honor. Okay, all right, well, we're beating that to death. So if we assume, for purposes of our discussion, that those four knew there might be a problem here, then your next argument is they didn't specifically identify which ones did what. Right. Is that really the crux of this? Well, that's part of it, Your Honor, and that's mandated by KCI. That's absolutely required, because even in KCI it listed which attorneys were subject to the actual motion in the reply brief. That didn't occur here. I guess, I mean, the magistrate's order says NPF and it's counsel of record. Correct. So that seems to, I mean, to me that seems to say individual counsel. Then there's a lot of filings made to object to that order, and one of them, at least one of them I'm looking at, talks specifically about on the last page about whether it should be individual lawyers and which ones and faults the defendants for not knowing exactly which lawyer was in control of the litigation. In other words, your clients understood that individual lawyers were going to be sanctioned and you're critiquing the other side for not saying whether it's Jim Smith or John Smith that did something, which seems to me to suggest an understanding by your clients before the, in their objections to the magistrate judge before the district court hearing, that the individual lawyers were going to be on the hook. No, we don't agree with that. I don't believe there's anything in the record to suggest that understanding, particularly prior to the hearing before the magistrate. Just stating NPF and it's counsel, we know from this court's decision in January of 2020, that's not enough. That's what happened here and for those reasons we would ask for this decision to be vacated. That's not what KCI says at all. I happen to know something about KCI. I know that you often have an opinion, Your Honor, yes. And up until the conclusion of that case, the only reference to anybody against whom sanctions was being sought was the cabbage firm. There was no mention of individuals at all until a footnote in a reply brief and that's the focus of the opinion in that case. So if we are reading this record correctly, that there's repeated references to the Buckholder firm and it's counsel, or repeated references to Buckhold and ProHoc Vitae admitted counsel, then it seems to me that clearly distinguishes KCI. I don't agree. We don't think that KCI is distinguishable at all because in the moving papers and even in the magistrate's order, it was simply NPF and it's counsel. Well, nice to be confident. Thank you, Your Honors. Can I ask you one more question before you go? Of course. So assuming we don't agree with your notice due process argument, do you have any other argument that counsel themselves shouldn't be subject to the Rule 37 sanction? In other words, you've carved out the law firm argument that's not covered by the text of Rule 37, but is there any other argument why the lawyers themselves weren't properly sanctioned under Rule 37? Well, absolutely. In addition to the reasons in the brief, excuse me, but to reiterate what's in the brief, we don't know what conduct was actually engaged in that was sanctionable under Rule 37. There's no indication as to what actual document wasn't produced. Does that document even exist? Well, you only produced one document. And you told the Sixth Circuit there were a bunch of documents you're going to have to produce if you didn't get mandamus relief. So that to me, unless I'm missing something, that seems like it rings really hollow. These lawyers didn't show up at depositions. They were required to certify something. They didn't certify it. So in and of itself, aren't those enough? There might be a question as to the amount attributable to those two things. I get that. But there's no question that the lawyers simply didn't do what they were obligated to do here. We don't know in the record, based on the record that we have before us, what that is, what deposition. I mean, I can't stand before this Court and say, yes, they didn't show up here. They should have. I don't know what it is based on what we have in the record. We don't know when the deposition was, who it was of, and why they didn't appear. And to the Court's question as to were sanctions appropriately issued, the case at a minimum has to be remanded for those determinations. But the documents, I mean, this is the only document you guys produced, as far as I can tell. And there's absolutely no information disclosed on it. And didn't you tell the circuit that there were a lot of, I mean, just, it's hard to believe there's only one responsive document. Yeah, in the record, I would submit, does reflect that there were far more documents that were produced than that. I mean, yeah. Because you told me that it wasn't clear what documents, but there were a lot more documents. Yeah, there were a lot more documents that were actually produced. So you have to say, of the 10,000 documents, the district judge has to say, these 7,000 should have been produced, go through them all. These 3,000, you were okay. So on these 7,000, I've gone through them all. Those 7,000 should have been produced, so now I can sanction you? As opposed to, it was just obvious from the record that there were documents that weren't disclosed? Well, I don't think that it is obvious from the record that there weren't documents disclosed. And yes, the district court has to say what it is that violated Rule 37. So both the report and recommendation and the district court order cite to the record as to what is the basis of the conclusion that the firm and its lawyers failed to do certain things. Are you saying that what the magistrate judge and the district judge both said are somehow insufficient?  Okay. Thank you, Your Honors. Good morning, Your Honors. May it please the court. My name is Bill Harder along with Yaz Ashrawi. We are from Frost, Brown, Todd here on behalf of the defendant appellees, Joel Barch, Connie May, Side Dogs, LLC, and the other single member LLCs in this case. We ask the court to affirm the joint and several liability sanctions award that was entered  KCI controls this situation. That's the first and last thing that I agree with counsel on. But when you look at the KCI case that this court issued that Judge McKee wrote, the differences between the two situations compel the different result. In the KCI case, the Cabbage firm was sanctioned having not been counsel of record in the case for 18 months before the firm there that the Cabbage firm was not even on notice of the motion for sanctions. In this case, the Buckhalter firm and these individual attorneys were on notice. They are receiving every single filing. By the time of the hearing, they are the only counsel of record in this case. If the pleadings that you filed, your clients filed, said the company and their counsel and doesn't list the specific counsel, just uses the broad word counsel, why couldn't that just so people think that's the firm? In other words, it wouldn't have been that hard to say list the additional names of the counsel. It would not have been hard to list the four individual counsel, but at the same time... That wasn't done before the hearing. That wasn't done before the magistrate judge's hearing, correct? The motion, and this is separate from the KCI case and the Cabbage case, the motion in our case specifically says twice, NPF and its counsel. Your friend on the other side says, sure, but it would have been very easy to list the four names. There's only four lawyers. It would have been very easy to list them. Sure. Counsel of record in this case from the Buckhalter firm or something. Sure, and when Magistrate Judge Bogman asked that question, are you seeking sanctions against the plaintiff and its counsel, and I answer yes, and then he says, and its counsel, and I say NPF, its parent, and its counsel, the Buckhalter firm, those are the only counsel of record at the time. Counsel is mistaken. You only said the Buckhalter firm. You didn't list any of the individuals. That's correct. I guess what I'm struggling with here is that if there's not adequate notice to the individuals, you just got the Buckhalter firm, and the award was under 37, Rule 37, which on its face doesn't seem to apply to law firms. So then I'm wondering, can we, could we uphold this under the inherent power of the court, but there really wasn't a finding, was there by the court to support an award for under inherent power? I think to answer your first question, yes, you can uphold the award under the district court's inherent authority. If your honors look at Judge Nugent's order, he says in a footnote, he specifically says, I believe that this was conducted in bad faith, but I will defer to the magistrate judge's finding that this should not be under inherent authority because it is under Rule 37. Do you believe there was a finding of bad faith in what the district court said? The district court judge in his footnote spells out exactly, he identifies three things, the pursuit of this, the ongoing issues with the discovery. Also I want to clarify, because I think it's an important distinction, the KCI did not have a magistrate recommendation the way that this case does. The interested parties act like Judge Baughman's recommendation was the sanctions award. That's not the case. That is a recommendation that they had the opportunity to object to, and they did object to, and when they objected to it, they specifically recognized their individual exposure to a sanctions award by saying, if this court is in any way inclined to impose sanctions on Buckhalter or any individual attorneys, we should get a due process hearing. They then conclude by saying that they objected to the recommendation, at least insofar as it imposes sanctions against Buckhalter and its attorneys. That's Record Entry 247 at 6281. That is the written brief that KCI says is required for due process purposes. That is their due process. Now that's not the end of what happened in this case, because in this case Judge Nugent said, I've read your objections, I will schedule a due process hearing. Now KCI says you don't have to have an evidentiary hearing to have due process, but he did it anyway. And at that hearing, which is transcribed at 258 in the record, he specifically asked, what witnesses do you have to introduce? What evidence do you have to introduce? And all that the interested parties said was, we didn't know that's what this hearing was for. Now that is unbelievable in the most literal sense. When you object and say we should have a due process hearing and the court sets a hearing on that objection to then say, oh we didn't know this was the due process hearing. And the court is clearly frustrated with them, justifiably I think. Judge Nugent says, I think you have been afforded due process, but if you felt you haven't, you have now. That's what we're here for. He then says, I feel like I'm beating my head against the wall, you're having your hearing now. There's two pages in this transcript, it's 6358 and 6359. It's the section that starts, if anybody reviews this transcript, well that's this court. If anybody reviews this transcript, this is a great example of what this whole case has been like. They say one thing, I act on it. They say something else, I act on it. They do something else, they don't do something else. And he spells it out specifically, including to the merits, to counsel saying, I have no idea what documents weren't produced. The answer is, none of the documents were produced. The district court ordered the production of all documents, responses to all interrogatories. NPF came to this court through the interested parties and said to this court, we need an emergency writ because we should not have to potentially produce thousands of documents. I think that's the same point I was making I think with your friend on the other side, but can I go back to Judge Bush's question? Sure. There was not a finding of bad faith, I mean you agree with that. I agree that there is not an inherent authority award in this case which hinges on bad faith, yes. So you think our court should do it in the first instance? I think this court could do it in the first instance under an abuse of discretion standard, sure. I don't think this court has to. What's abuse of discretion, but there was no finding. The absence of. Abuse of discretion by not finding bad faith? I think that this court could, I don't think this court has to. We could remand it right back to the district court. You could. Your only hook on the law firm is that Rule 37, when it uses the word counsel, it means firm. Well, I want to talk about that. What's your best case for saying that that Rule 37 reference would apply to a firm? The McLaughlin case out of the Third Circuit Court of Appeals is joint and several against the attorneys. Was this issue raised there? Was this issue even raised in that case? I can't tell. So there's nothing expressed that says we're analyzing Rule 37 to authorize this? There's not. There's a bunch of cases that say the opposite. Well, there's two district court cases that say the opposite in a footnote that have been cited. There's Third Circuit case law, there's Eleventh Circuit case law. I think the KCI case is interesting on this issue because while KCI is remanded and the district court judge, Judge Pearson, is advised to consider this issue, KCI also says, and I'm quoting, the firm's liability turns in the individual attorney's conduct. So query, how could the firm have liability that turns on the individual attorney's conduct if the firm also cannot have any liability at all under Rule 37? That doesn't match up to say there's somehow no liability here. I also want to talk about the due process hearing itself was then followed by yet another briefing session. So we have, unlike KCI, we have a motion that specifically mentions the party, quote, and its counsel. We have the Baughman hearing where it specifically says counsel. We have their objections to the Baughman recommendation where they specifically say you can't sanction us individually or the law firm. We have a due process hearing where that issue is considered and we have a set of post due process briefing where they again argue you can't sanction Buckalter and its individual attorneys. That's five opportunities. How much process is due before you get due process on this issue when KCI says at most you should get one brief? So again, I think that the difference between KCI in this case compels a different result than KCI. It compels affirmance instead of a remand for fact finding. To these other questions of were the sanctions deserved, the magistrate judge and Judge Nugent used words like intransigent, brazen, shameful. I don't know how those courts can use those words to describe this conduct and under an abuse of discretion standard this court can say we disagree. I just don't think that's the place of this court or the proper role of this court under that standard. Specifically when that issue is so pervasive through the whole case. Just to ask a narrow little question, I don't want us to get hung up on. Mr. Mack says he still doesn't know what depositions they didn't show up for, for example. If you go back and look at the record, is there any question about which depositions it was? Are they not identified someplace? There's not, your honor. There's not what? There's no question. Our clients filed two motions to dismiss this case. One based on intrinsic depositions. Those two motions to dismiss are 178 and 182 in the record. When you look at that motion, does it specify, just using this as a narrow example, what depositions were no-shows? They're corporate representatives. We noticed their corporate representative deposition three times. Is that set forth in the motion? Yes. Document entry 182 spells out with 15 exhibits, or however many it is, here's the letter, here's the notice, here's the next letter, here's the next notice. What they did was they would wait until the night before and then send an after hours email that says we're not coming tomorrow. We can't make this deposition tomorrow. We would prep, and these are three days of depositions, the corporate rep, the parent, and the media entity, all of whom are represented by the Buckholter firm. We would prepare for those depositions. We'd line the court reporter up. The court reporter would show the next morning and we'd have to say, sorry, we heard at 8 o'clock last night, these people aren't coming. I've not had that happen once. I've certainly not had it happen twice as it did in this case. The idea that folks who are in California are going to wait until the night before to say, oh, we can't make it tomorrow morning, doesn't make any sense. They knew they weren't coming before that. They weren't on the plane. So yes, the deposition misconduct is laid out. The written discovery misconduct is laid out. The quote-unquote affidavit that Ms. Warren filed where Judge Nugent said, I want you to certify that your client's discovery responses are complete, and at 1130 the night it was due, she filed a three paragraph affidavit that said, I can't certify that. But it's not actually an affidavit because it's not signed. It's not notarized. It's just that you filed with the court. I could talk for an hour and a half about the discovery abuse in this case, but I do think that shameful... Your friend on the other side says that there might be some confusion over whether it was the prior counsel who withdrew or maybe the local counsel, and that there wasn't enough to pin this specifically to the Buckholzer firm and then their lawyers. What's your response to that? I wholeheartedly disagree with that. First of all, the original primary counsel, the Myers Roman firm in Cleveland, was counsel when discovery requests were served but withdrew as counsel. They were substituted, the Buckholzer firm and its attorneys substituted in before any responses were even due in this case. There is no motion to compel filed that's not on Buckholzer's watch. None of these depositions were prior to Buckholzer's watch. All the discovery orders, the motion for sanction, they had local counsel but local counsel wasn't doing anything. That's clear from the fact that Judge Nugent allowed local counsel to withdraw when we filed our motion for sanctions. Sherman Bozeman withdrew leaving only the Buckholzer firm. Again, this is not KCI where there's some question as to who's counsel. Are you really talking about the firm now or are you really talking about the firm 18 years ago? This one firm is one group of attorneys. None of those four attorneys ever withdrew in this case. I would last like to just point out under Howe v. Akron, as to the amount, this is rough justice. This is not green eye shaded accountants. These folks went all in on we did nothing wrong. They never said we did something wrong but we shouldn't have to pay that much. They never said we think there's a question with the rates. Magistrate Bogman specifically points out that they chose to gamble all or nothing and they lost that gamble. We would ask for those reasons that this award be affirmed as against all four individual attorneys as against the law firm in the full amount of the district court order. Thank you counsel. Thank you. Is there a rebuttal? Thank you, your honors. Judge McKee, as to your question as to whether there's a question concerning what depositions were not attended, etc. There absolutely is a question as to that based on the record. Where we should see that clearly articulated and clearly identified is in the district court's order. And it's not. We know from this court's decisions and century products, among others, that it's not enough for the district court just to simply say we agree with the reasons argued and briefed by counsel. That's what happened. That's among other reasons why this case we submit has to go back at a minimum. As to the question... I'm still just mystified by this. Is there a fundamental factual dispute about whether the firm and its lawyers were no-showed at the Rule 36 depositions? We don't know based on the record. And that's all we can go on as to whether that occurred, what deposition it was, whether there were reasons... Your fellow counsel says there was a motion filed that explicated all of this by attaching the notice and the email exchanges back and forth, ending with the fact that they didn't show up. It's in the pleadings. Are they not in the pleadings? Are the pleadings somehow unclear to you? Yes, they are. They are in terms of what was sanctionable. Let me say it that way. I didn't ask you what was sanctionable. I asked you is there a dispute about whether they no-showed at depositions? Whatever is reflected in the record, Judge, is certainly what's reflected. But the critical question is whether that was found to be sanctionable. And that's the distinction I'm trying to make, Your Honor. We don't know because that finding has not been made by the District Court and that's what matters. What they said in their pleadings and what was in their motion isn't the central inquiry. It's what the District found was sanctionable and what rule it violated. I guess this issue would have been joined before the Magistrate or the District Court where you would have said on the record, boy, I don't know what depositions they're talking about that we missed. Or they said we missed the December 18th deposition, but we were actually there. Those types of statements were made repeatedly during the hearings. We don't know what we did that violated Rule 37. And when you go back to the actual individual attorneys being sanctioned, that conclusion is even more acute. What did J. Patrick Allen do that violated Rule 37? What did Katie Fox do? That's the central inquiry. The District Court's order says the Buckhalter attorneys were counsel of record during a string of discovery disputes, which in part underlie the motions for fees and costs. Sure. It goes on to address those. It references back to the Magistrate judge opinion. Rule discovery disputes happen all the time. Discovery disputes don't violate Rule 37. That's the fundamental problem. They can. Right. And we don't know which ones did. And so that's why we think this case at a minimum has to go back. And if there's 30 of them, you have arguments as to all 30 as to why none of the 30 were legitimate? I mean, your position is that there was not a single discovery violation by your clients? We don't know which ones they were. That's not what I asked. I said your argument is that there was not a single discovery violation by your clients in this case. We don't know what was found to violate Rule 37, Judge. I can't say for you that nothing occurred that did violate 37. But we don't know because it's not identified in the Thank you. Thank you. Take the case under submission. This honorable court is now adjourned.